# UNITED STATES DISTRICT COURT
for the

District of

South Carolina Division

| | |
|---|---|
| Sabrina S Anderson, "PRO SE" | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*  ☒ Yes   ☐ No |
| -v- | |
| Quartz Logistics Inc | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.    The Parties to This Complaint**

    **A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sabrina Anderson |
| Street Address | 261 Baccharis Drive |
| City and County | Columbia Richland |
| State and Zip Code | South Carolina 29229 |
| Telephone Number | 839 - 228 - 0929 |
| E-mail Address | andersonsabrina74@gmail.com |

    **B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: Quartz Logistics Inc.
- Job or Title (if known):
- Street Address: 2971 Shop Road
- City and County: Columbia Richland
- State and Zip Code: South Carolina 29209
- Telephone Number: 803 - 722 - 1467
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Quartz Logistics Inc. |
| Street Address | 2971 Shop Road |
| City and County | Columbia   Richland |
| State and Zip Code | South  Carolina  29209 |
| Telephone Number | 803 - 772 - 8524 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
1/26/2023, 3/20/2023, 7/28/2023, 1/4/2024, 1/9/2024, 1/12/2024, 2/8/2024

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race — African American
- ☒ color — Black
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)* _____

E. The facts of my case are as follows. Attach additional pages if needed.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

Sabrina Anderson (Plaintiff)

VS.

Quartz Logistics Inc (Defendant)

III. Statement Claim

(i) 01/26/2023, "Despite having more qualifications and experience than Federica Brantimeier, a white employee received an larger quarterly bonus than the plaintiff, Sabrina Anderson who is an black employee at Quartz Logistics Columbia. Shirley Tolbert, Quartz Logistics office manager advised the plaintiff, Sabrina Anderson, that tenure was a factoring decision. The plaintiff, Sabrina Anderson emailed Quartz Logistics Sandy Chen who acted as Human Resources requesting additional information on Quartz Logistics bonus structure. The plaintiff Sabrina Anderson did not receive a response from Sandy Chen. (ii) 3/13/2023, The plaintiff Sabrina Anderson verbally advised Shirley Tolbert, Quartz Logistics manager of leaving early on 3/17/2023. The plaintiff Sabrina Anderson requested approval in writing on 3/17/2023 prior to leaving early. The plaintiff Sabrina Anderson advised Shirley Tolbert she had a scheduled doctor's appointment and needed to drive one hour away. Shirley Tolbert intentionally ignored the plaintiff's Sabrina Anderson request and created a hostile work environment. In addition to the plaintiff's request being ignored, Shirley Tolbert

1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

Sabrina Anderson (Plaintiff)

VS.

Quartz Logistics Inc (Defendant)

III. Statement Claim

discussed the situation in front of other Quartz Logistics employees. The plaintiff Sabrina Anderson advised Sandy Chen of the hostile work environment and also advised she was being singled out by Shirley Tolbert. Quartz management did not rectify the ongoing issue with Shirley Tolbert and the plaintiff Sabrina Anderson.

(iii)3/15/2023, Quartz Logistics Inc revised there handbook requesting employees to sign that if they did not use the grievance system outline in the handbook that the employee would agree that they had not been discriminated against, retaliated against, or harassed. The plaintiff Sabrina Anderson advised management the new handbook did not apply as she had experienced all these issues while at Quartz Logistics inc.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

Sabrina Anderson (Plaintiff)

    VS.

Quartz Logistics Inc (Defendant)

III. Statement Claim

  (iv) 07/26/2023, The plaintiff, Sabrina Anderson, reached out to Quartz Logistic vice president Sandy Chen advising Shirley Tolbert Quartz Logistics office manager was creating a hostile work environment and harassing the plaintiff Sabrina Anderson by verbally

  telling the plaintiff Sabrina Anderson South Carolina was an at will state and if she did not like the rules she could quit the job. Shirley Tolbert also advised the plaintiff Sabrina Anderson that she had a lawyer and would make sure the plaintiff did not receive unemployment. The plaintiff Sabrina Anderson was the only African American and employee being harassed by Shirley Tolbert. 07/28/2023, the plaintiff Sabrina Anderson, was written up by Shirley Tolbert. The plaintiff Sabrina Anderson again emailed Quartz Logistic management with proof the plaintiff Sabrina Anderson had been written up in lieu of retaliation. Quartz Logistic management emailed the plaintiff Sabrina Anderson

3

claiming they would investigate (v) 01/2/2024, The plaintiff Sabrina Anderson used a specific door at Quartz Logistics Columbia office immediately after

Sabrina Anderson (Plaintiff)

    VS.

Quartz Logistics Inc (Defendant)

III. Statement Claim

using the door Shirley Tolbert Quartz Logistics Columbia office manger sent an email advising the door should not be used. (iv) 1/4/2024 Quartz logistics employees Federica Brantmeier and Kendhall Lebron used the door mentioned in paragraph v . The plaintiff, Sabrina Anderson sent an email to Shirley Tolbert advising her the door was used by other Quartz Logistics employees and asking Shirley Tolbert did the rules apply to all team members or did it only apply to the plaintiff, Sabrina Anderson. Shirley Tolbert sent the email from the plaintiff Sabrina Anderson to Kendhall Lebron and Federica Brantmeier accusing the plaintiff Sabrina Anderson of making complaints against them. The plaintiff, Sabrina Anderson sent the email that was forwarded to Federica Brantmeier to Quartz Logistics management pleading for mediation as the plaintiff Sabrina Anderson was the only employee being treated this way. Quartz Logistics management responded saying they would investigate. However, the plaintiff

4

Sabrina was fired a week later. (v) 1/12/2024 The plaintiff Sabrina Anderson sent an email to Di Wang Quartz Logistic manager stating her rights had been violated via the

Sabrina Anderson (Plaintiff)

VS.

Quartz Logistics Inc (Defendant)

III. Statement Claim

Civil Right Act of 1964. Di Wang advised the plaintiff Sabrina Anderson, he would meet with her later 1/12/2024. During the meeting the plaintiff was told by Di Wang that if she did not sign the handbook policy she would be terminated, and the plaintiff Sabrina Anderson accusations were serious and did don't look good for the company. (vi) The plaintiff Sabrina Anderson unemployment was denied as Shirley Tolbert in writing stated the plaintiff Sabrina Anderson was terminated due to lack of work and not signing the company's non-disclosure agreement. The plaintiff Sabrina Anderson termination letter stated she was terminated for not signing non-disclosure agreement and Quartz Logistics policy handbook. Shirley Tolbert continued to harass and retaliate against the plaintiff Sabrina Anderson.

5

. (i) 1/26/2023, the plaintiff Sabrina Anderson asked Shirley Tolbert Quartz Logistics manager for details on her bonus as Fredrica Brantmeier a white employee that serves in a equal role as the plaintiff, Sabrina Anderson, received a larger bonus than the plaintiff Sabrina Anderson who is black. Shirley Tolbert, told the plaintiff, Sabrina Anderson, her bonus was smaller due to the plaintiffs, Sabrina Anderson, tenure. The plaintiff, Sabrina Anderson, advised the bonuses are quarterly and tenure is not a factoring decision .The plaintiff, Sabrina Anderson, then reached out to Quartz Logistics management via email requesting further explaination on the bonus structure, The plaintiff, Sabrina Anderson, did not receive a response for her inquiry however, the plaintiff Sabrina Anderson was told by the Shirley Tolbert, verbally that communicating with Quartz Logistics management would make things worse for the plaintiff, Sabrina Anderson . The plaintiff, Sabrina Anderson, was discriminated against as the employee Federica Brantmeier receiving a larger bonus was white and the plaintiff was black. No actions were taken to rectify the plaintiff, Sabrina Anderson, complaints by Quartz Logistics management which caused the plaintiff Sabrina Anderson further mistreatment and discrimination by the defendant, Shirley Tolbert; (ii) 3/13/2023, the plaintiff Sabrina Anderson verbally advised Shirley Tolbert Quartz Logistics manager she would leave work early on 3/17/2023. The plaintiff Sabrina Anderson requested approval in writing from Shirley Tolbert prior to departing Quartz Logistcs on 3/17/2023. Shirley Tolbert intentionally delayed the plaintiffs request and sent a message stating the plaintiff was impatient and she had been documented to Quartz Logistics management. Upon returning to Quartz Logistics on 3/20/2023 the plaintiff, Sabrina Anderson, was told by Federica Brantmeier, Shirley Tolbert, had an active conversation with management speaking negatively about the plaintiff ,Sabrina Anderson . The plaintiff, Sabrina Anderson reported the claim to Quartz Logistics management via email which caused the Shirley Tolbert to verbally abuse the plaintiff saying South Carolina is an at will state and Quartz Logistics hired an lawyer to ensure the plaintiff , Sabrina Anderson, would not receive unemployment. Shirley Tolbert also told the plaintiff Sabrina Anderson if she did not like the rules she could leave the job. The statement was made in front of Federica Brantmeier a Quartz Logistics employee. Shirley Tolbert would only make the comments to the plaintiff Sabrina Anderson who was the only black employee at Quartz Logistics. The plaintiff Sabrina Anderson sent an email to Sandy Chen acting as Human Resources on behalf of Quartz Logistics of the discriminatory behavior exhibited by the Shirley Tolbert. Quarrtz Logistics management scheduled a meeting with the plaintiff Sabrina Anderson which resulted in no further action being taken against Shirley Tolbert. Shirley Tolbert continued to make a hostile work environment and further isolated the plaintiff Sabrina Anderson causing emotional distress. In addition to the isolation the defendant Shirley Tolbert would use silent treatment as punishment failing to assist the plaintiff with work related issues. (iii) 7/26/2023, The defendant Shirley Tolbert hindered the plaintiff Sabrina Anderson from doing her job as she was using silent treatment against the plaintiff Sabrina Anderson . The employees of Quartz logistics ' job scope consisted of assigned customers however the Shirley Tolbert Quartz Logistics manger requested another employee Kendhall Lebron to perform a task for the plaintiff Sabrina Andersons assigned customer. The plaintiff Sabrina Anderson contacted Quartz Logistics management advising of the hostile work environment and discrimination requesting mediation as she feared Shirley Tolbert was using work stoppage as way to terminate her as Shirley Tolbert had mentioned in the past that she was documenting the employee Sabrina Anderson to management .In addition to the plaintiffs Sabrina Anderson complaint the plaintiff Sabrina Anderson was the only Quartz Logistics employee being reported to management by Shirley Tolbert. Quartz Logistics management responded to the complaint stating a meeting would be set for 7/28/23. (iv) Upon the plaintiff Sabrina Anderson returning to Quartz Logistics Inc on 7/28/2023, she was called into a meeting with Shirley Tolbert. Shirley Tolbert wrote the plaintiff Sabrina Anderson up for insubordination, failure to pay attention to detail, and attendance. The write up was dated 2/10/2023- 07/26/2023. The plaintiff again filed a complaint to management stating Shirley Tolbert was discriminating against and retaliating against her. The plaintiff, Sabrina Anderson showed adequate proof to Quartz Logistics management the write up was in lieu of retaliation and discrimination against her as she was the only African American at the job location and the only person being treated this way. Management failed to launch a thorough investigation causing additional emotional distress and isolation to the plaintiff Sabrina Anderson . The incident took place at the Quartz Logistics Columbia "see attached"

United States District Court for the District of South Carolina

Sabrina Anderson (Plaintiff)

    - VS-

Quartz Logistics Inc. (Defendant)

E. Fact of the case are as follows:

(v) 1/2/2024, The plaintiff Sabrina Anderson messaged Shirley Tolbert asking if she could open the side door closest to Quartz Logistics office. Shirely Tolbert opened the door for the plaintiff and immediately after sent an email stating the door should not be used without prior authorization in writing. The door in question was used by all employees including Shirley Tolbert. On 1/4/2024, other Quartz Logistics employees used the door. The plaintiff Sabrina Anderson sent an email advising Shirley Tolbert the door was used by the other colleagues. Shirley Tolbert then forwarded the email sent by the plaintiff Sabrina Anderson to her colleagues. The plaintiff Sabrina Anderson made an complaint to Quartz Logistics management who advised they would investigate. The plaintiff was fired a week later on 1/12/2024. (vi) The plaintiff sent an email on 1/8/2024, to Quartz Logistics management containing a link showing inclement weather scheduled for 1/9/2024. The plaintiff requested permission to work from home which was denied by Quartz Logistics management. Quartz Logistics failed to accommodate the plaintiff Sabrina Anderson as an act of retaliation due to the plaintiff making several complaints against Shirley Tolbert. (vii) 1/9/2024 the plaintiff came to work despite

1

United States District Court for the District of South Carolina

Sabrina Anderson (Plaintiff)

    - VS-

Quartz Logistics Inc. (Defendant)

the national disaster however departed at noon once the national weather alert advised everyone should be in a safe place as the weather could cause road closures due to flooding. The plaintiff, Sabrina Anderson, sent an email to Quartz Logistics management prior to departure. In addition to the plaintiff arriving at Quartz Logistics the defendant Shirley Tolbert stayed home to ensure her safety and wellbeing. Upon the plaintiff, Sabrina Anderson departure Shirley Tolbert told all Quartz Logistics employees they could work from home. The plaintiff had left work at this time and did not have access to the work email as Quartz Logistics policies required prior authorization to take work computers home. Shirley Tolbert then sent a message in a public group chat stating the plaintiff, Sabrina Anderson, did not have authorization to leave work and these actions were considered as job abandonment. In addition to the accusation Shirley Tolbert, requested the plaintiff provide her lawyer's information. The plaintiff sent an email to Quartz Logistics management which included proof of the harassment from Shirley Tolbert. Quartz Logistics failed to remedy the situation resulting in the plaintiff continuing to be discriminated against the plaintiff (viii) 1/12/2024, The plaintiff, Sabrina Anderson, sent an email to the defendant, Daniel Wang, the defendant, Shirley Tolbert's

2

United States District Court for the District of South Carolina

Sabrina Anderson (Plaintiff)

    - VS-

Quartz Logistics Inc. (Defendant)

supervisor advising that her civil rights were violated by the defendant, Shirley Tolbert. The defendant, Daniel Wang, advised the plaintiff he would meet later 1/12/2024. The defendant, Daniel Wang, met with Quartz Logistics employees individually with the exception of the plaintiff, Sabrina Anderson. The plaintiff, Sabrina Andersons conference included Shirley Tolbert, Federica Brantmeier and Di Wang. During the meeting the Di Wang asked the plaintiff why she had not signed the company's new handbook. The plaintiff, Sabrina Anderson, advised she did not agree with the policy as she had been subjected to retaliation, discrimination, and harassment. Daniel Wang threatened the plaintiff if she did not sign the handbook she would be terminated. In addition to termination, Quartz Logistics included a non-manager in the meeting. The plaintiff Sabrina Anderson was the only employee that had a group meeting. Each employee meet with Di Wang individually. (ix) 2/08/2024, Shirley Tolbert, sent false information on the unemployment separation notice. Shirley Tolbert stated the plaintiff was terminated due lack of work that was not reported to management and for not signing non-disclosure agreement. The plaintiffs termination letter states the plaintiff was discharged for not signing the non-disclosure agreement and termination letter. The plaintiff did not have any

3

United States District Court for the District of South Carolina

Sabrina Anderson (Plaintiff)

    - VS-

Quartz Logistics Inc. (Defendant)

disciplinary actions other than the write up mentioned in paragraph iv.

Sabrina Anderson "PRO SE"

    - VS-

Quartz Logistics

4

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

   5/17/2024

B.  The Equal Employment Opportunity Commission *(check one)*:

   ☐ has not issued a Notice of Right to Sue letter.

   ☒ issued a Notice of Right to Sue letter, which I received on *(date)*   6/27/2024   .

   *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

   ☐ 60 days or more have elapsed.

   ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The plaintiff, Sabrina Anderson seeks judgement for back pay in the amount of $15,000 as the plaintiff was in contact with the defendant Quarzt Logitics Inc which stated the plaintiff would receive $3640.00 as monthly salary. The plaintiff was fired a week before the quarterly bonus which ranged between $2,000 and $3000. The plaintiff received last check on January 14th, 2024, and did not receive the monthly salary in entirety. In addition to the bonus and last paycheck the plaintiff would like to receive unemployment benefits which were denied on false pretenses. The plaintiff endured financial hardship as a result of being terminated by Quartz Logistics.

The plaintiff, Sabrina Anderson seeks judgement against the defendant Quartz Logistics Inc for forward pay in the amount of $60,000 which was the plaintiff, Sabrina Anderson, annual income while working for Quartz Logistics.The plaintiff suffered severly as her reputation was ruined by being terminated and could not explain her unemployment gap on applications which made finding employment difficult. The plaintiff was terminated for not agreeing with Quartz Logistics handbook which stated the plaintiff Sabrina Anderson agreed to not being discriminated or retailated against.

The plaintiff, Sabrina Anderson, seek judgement from the defendant in the amount of $50,000 for compensatory damages as she was unable to enjoy life due to financial hardship as result of being fired. In addition to financial difficultes the plaintiff Sabrina Anderson was humiliated in front of other Quartz Logistic employees. In addition to humiliation the plaintiff Sabrina Anderson as she had to seek assistance from food drives to feed her children. The quality of life changed drastically for the plaintiff, Sabrina Anderson

The plaintiff, Sabrina Anderson seek judgement from the defendant Quartz logistics Inc, for punitive damages in the amount of $50,000 as she suffered extreme emotional distress due to the adverse action of the employer negligence to intervene which allowed mistreatment of the plaintiff, Sabrina Anderson.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/23/2024

Signature of Plaintiff   *Sabrina And*

Printed Name of Plaintiff   Sabrina Anderson

**B.     For Attorneys**

Date of signing: _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Street Address     _____

State and Zip Code     _____

Telephone Number     _____

E-mail Address     _____